O

# United States District Court
# Central District of California

| | |
|---|---|
| FIRST HOME BANK, a Florida banking corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>HERSHEY INTERESTS, INC., a California corporation,<br><br>        Defendant. | Case No. 2:18-CV-01584-ODW-AS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [16]** |

## I.    INTRODUCTION

First Home Bank ("Plaintiff"), brings this action against Hershey Interests, Inc. ("Defendant"), for: (1) breach of contract; (2) unjust enrichment; and (3) promissory estoppel. (*See generally* Compl., ECF No. 1.) Defendant failed to respond, and the Clerk entered default on May 10, 2018. (ECF No. 14.) Plaintiff now moves for entry of default judgment against Defendant. (Mem. of P. & A. Supp. Mot. Default J. ("Mot."), Attach. 1, ECF No. 16.) For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion.[1]

---

[1] After considering Plaintiff's brief, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. BACKGROUND

### A. Factual Background

On July 26, 2016, Defendant executed a promissory note ("the Note") in the original principal amount of $350,000.00. (Compl. ¶ 5; Mot. 2.) The Note was secured by a security agreement signed by Defendant, "in favor of [Plaintiff], . . . pursuant to which [Defendant] granted to [Plaintiff] a security interest in, among other things," accounts, general intangible things and documents of the Defendant (collectively, "Collateral"). (Mot. 2.) Additionally, on July 20, 2016, Plaintiff "perfected its security interest in the Collateral by filing a UCC financing statement with the California Secretary of State."[2] (*Id.*)

Defendant has since defaulted in the payment obligations under the Note. (Mot. 3.) Plaintiff alleges that Defendant stills owes Plaintiff $319,971.51 in outstanding principal, $11,659.24 of accrued, unpaid interest that continues to accrue at the current rate of $61.36 per day until the date of judgment, $1,239.56 in late fees, and $135.00 in site inspection fees. (Mot. 6–7.)

### B. Procedural Background

On February 27, 2018, Plaintiff filed a Complaint against Defendant for three claims: (1) breach of contract; (2) unjust enrichment; and (3) promissory estoppel. (*See* Compl.) Plaintiff seeks payment of the outstanding principal on the Note,[3] attorneys' fees and costs, an award of prejudgment interest, and interest upon any judgment entered as provided by law. (Compl. 6.) Defendant waived service of the Summons and Complaint on March 3, 2018. (ECF No. 10.) Defendant failed to plead, respond, or otherwise defend in the present action. (ECF No. 14.) As a result, on May 9, 2018, Plaintiff requested entry of default against Defendant, and the Clerk entered

---

[2] The Note is also secured by a guaranty executed by Ruth Christine Hershey ("Ruth"), in favor of the Plaintiff. (Mot. 3.) However, on January 31, 2018, Ruth filed a voluntary petition for Chapter 7 bankruptcy relief with the U.S. Bankruptcy Court of the Central District of California. (*Id.*) Plaintiff asserts that they seek no recourse against Ruth, but restates and reaffirms its rights under the guaranty. (*Id.*)

[3] This includes accrued interest, late fees, and site inspection fees. (Mot. 6–7.)

default on May 10, 2018. (ECF Nos. 13–14.) Shortly thereafter, Plaintiff moved for entry of default judgment against Defendant. (ECF No. 16.) That Motion is now before the Court.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) authorizes a district court to grant a default judgment after the Clerk enters default under Rule 55(a). Fed. R. Civ. P. 55(b). Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rules 55-1 and 55-2. Fed. R. Civ. P. 54(c), 55; C.D. Cal. L.R. 55-1, 55-2. Local Rule 55-1 requires that the movant submit a declaration establishing: (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and that (5) the defaulting party was properly served with notice, if required under Rule 55(b)(2). C.D. Cal. L.R. 55-1. Finally, if the plaintiff seeks unliquidated damages, Local Rule 55-2 requires the plaintiff to give notice to the defaulting party of the amount sought. C.D. Cal. L.R. 55-2; *Unliquidated Damages*, Black's Law Dictionary (10th ed. 2014) (defining "unliquidated damages" as "[d]amages that cannot be determined by a fixed formula").

If these procedural requirements are satisfied, a district court has discretion to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising discretion, a court must consider several factors (the "*Eitel* Factors"): (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Generally, upon entry of default, the defendant's liability is

conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

### IV. DISCUSSION

#### A. Procedural Requirements

Plaintiff has complied with the relevant procedural requirements for the entry of a default judgment by submitting a declaration which states: (1) the Clerk entered a default against Defendant; (2) the default was entered on the original Complaint that Plaintiff filed on February 27, 2018; (3) Defendant is not an infant or incompetent person; (4) Defendant is not covered under the Servicemembers Civil Relief Act; and (5) Defendant was served with the Motion for Default Judgment. (Mot. 4; Decl. of Joshua N. Kastan ("Kastan Decl.") ¶ 17, ECF Nos. 18–19.) Thus, the Court evaluates the *Eitel* factors.

#### B. The *Eitel* Factors

The *Eitel* factors weigh in favor of entering a default judgment. The Court will discuss each factor in turn.

##### 1. Plaintiff Would Suffer Prejudice

The first *Eitel* factor asks whether the plaintiff will suffer prejudice if a default judgment is not entered. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, Defendant has failed to appear in this action and has refused to pay the amount owed. (Mot. 3.) If the Motion is not granted, Plaintiff will be without other recourse to collect compensation from Defendant. (Mot. 5.) Therefore, this factor favors entry of default judgment.

##### 2. Plaintiff Has Brought Meritorious Claims

The second factor "require[s] that a plaintiff state a claim which [it] may recover." *PepsiCo*, 238 F. Supp. 2d. at 1175 (citations omitted); *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). Plaintiff asserts

claims for: (1) breach of contract; (2) unjust enrichment; and (3) promissory estoppel. (*See generally* Compl.) The Court dismisses the unjust enrichment claim and the promissory estoppel claim because they are duplicative of the breach of contract claim and do not alter the relief sought by Plaintiff. *See W. Veg-Produce, Inc. v. Lexy Grp.*, No. 218CV00180ODWAGRX, 2018 WL 1804689, at *5 (C.D. Cal. Apr. 16, 2018) (quoting *C & K NuCo, LLC v. Expedited Freightways*, LLC, No. 13 C 4006, 2014 WL 4913446, at *12 (N.D. Ill. Sept. 30, 2014) ("The court has discretion to dismiss duplicative claims where they allege the same facts and the same injury."). Therefore, the Court will only address the breach of contract claim.

### *i. Plaintiff's Breach of Contract Claim*

To prevail on its breach of contract claim, Plaintiff must prove: (1) the existence of a contract; (2) performance by Plaintiff; (3) breach by Defendant; and (4) damages to Plaintiff as a result of Defendant's breach. *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010). Plaintiff's Complaint, taken as true, adequately alleges all four elements of a claim for breach of contract. (*See generally* Compl.); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("[U]pon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

First, Plaintiff alleges that it entered into a contract with Defendant through the written Note. (Compl. ¶ 5.) The Note was executed and signed by both parties on July 27, 2016. (ECF No. 1–1, Ex. A.) Second, Plaintiff alleges it performed its duties and obligations under the Note by lending the Defendant $350,000.00. (Compl. ¶ 19; ECF No. 1–1, Ex. A.) Third, Defendant breached the agreement, by failing to make monthly payments, as promised in the Note.[4] (Compl. ¶ 20; ECF No. 1–1, Ex. A.) Fourth,

---

[4] The Note provides that Defendant must repay this loan in 120 payments, to take place on the first of each month, with the final payment date being August 1, 2026, and if a payment is more than 10 days late Defendant will be charged 5.00 percent of the unpaid portion of payment. (ECF No. 1–1, Ex. A.) Additionally, the interest will accrue on the unpaid principal balance at the rate of 6.5 percent until October 1, 2016, after which time it may change and may increase after default on

Plaintiff alleges total damages of $321,346.07, plus prejudgment interest and attorneys' fees that it incurred as a direct result of Defendant's failure to pay. (Compl. ¶ 21.) Thus, Plaintiff has sufficiently pleaded a meritorious claim for breach of contract against Defendant.

### 3. Plaintiff's Complaint Was Sufficiently Pleaded

As explained in greater detail above, the Complaint and the breach of contract claim within were sufficiently pleaded and form the basis for a claim on which Plaintiff may recover. Thus, this factor weighs in favor of granting default judgment.

### 4. The Amount at Stake Weighs in Favor of Default Judgment

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of Defendant['s] conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. Here, the total amount Plaintiff seeks to recover is $343,265.42, including attorneys' fees under the terms of the Note. Defendant agreed to repay the $350,000.00 borrowed from Plaintiff on July 26, 2016, and now refuses to pay the amount owed. Defendant is contractually obligated to pay $319,971.51 in outstanding principal, $11,659.24 of accrued unpaid interest that continues to accrue at the current rate of $61.36 per day, $1,239.56 in late fees, and $135.00 in site inspection fees, along with attorneys' fees of $10,260.11. (Mot. 6–7.) The $343,265.42 at stake is consistent with the terms of the Note, which are further corroborated by Ms. McCall's declaration. (Decl. of Jeri D. McCall ("McCall Decl."), ECF No. 17.) This figure is properly documented, contractually justified, and reasonably proportionate to the harm caused by Defendant's actions. Therefore, this *Eitel* factor weighs in favor of granting default judgment. *See Bd. of Trustees of California Metal Trades v. Pitchometer Propeller*, No. C-97-2661-VRW, 1997 WL 797922, at *1 (N.D. Cal. Dec. 15, 1997) (granting default judgment where the amount was reasonable, properly documented, and contractually justified).

---

payments. (*Id.*) Furthermore, it also provides that Defendant agrees to pay all expenses of collection, including but not limited to attorneys' fees. (*Id.*)

### 5. There is No Possibility of Dispute as to Material Facts

The next *Eitel* factor considers the possibility that material facts are in dispute. *Eitel*, 782 F.2d at 1471–72. Because the allegations in Plaintiff's Complaint are presumed true, Defendant's failure to oppose the Motion results in a finding that "no factual disputes exist that would preclude entry of default judgment." *Vogel*, 992 F. Supp. 2d at 1013. Furthermore, there is little concern that the amount awarded will be disputed because the amount is provided for by the contract. Thus, the Court finds this factor favors entry of default judgment.

### 6. There is Little Possibility Default was Due to Excusable Neglect

The next factor considers whether a defendant's default may have resulted from excusable neglect. *Eitel*, 782 F.2d at 1471–72. The possibility of excusable neglect here is remote because Defendant signed the waiver of service, and was mailed a copy of the Application for Default Judgment. (ECF Nos. 10, 13, 19.) Accordingly, this factor weighs in favor of entering default judgment.

### 7. Policy for Deciding on the Merits Weighs in Favor of Granting Default Judgment

In *Eitel*, the court maintained that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, where, as is the case here, the defendant fails to answer the plaintiff's complaint, "a decision on the merits [is] impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177. "Under Fed. R. Civ. P. 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." (*Id.*) Furthermore, "when a defendant . . . [knows] that he has been sued . . . [it is] the defendant who seeks to prevent an adjudication on the merits." *Carol Gilbert, Inc. v. Haller*, 179 Cal. App. 4th 852, 865 (2009). Accordingly, the Court finds that this factor does not preclude default judgment.

**C.  Damages**

Plaintiff requests a repayment of $321,346.07 in principal expenses, and $11,659.24 in accrued unpaid interest, which will continue to accrue at the rate of $61.36 per day until the final judgment date.  (Mot. 9–10.)  Plaintiff also requests award of $10,260.11 in attorneys' fees consistent with the schedule of attorney's fees in Local Rule 55-3.  (Mot. 11.)

**1. Principal Expenses**

Plaintiff seeks $321,346.07 in principal expenses still owed by Defendant under the Note.  (Mot. 7.)  This amount includes $319,971.51 in outstanding principal, $1,239.56 in late fees, and $135.00 in site inspection fees.  (*Id.*)  According to the Note, Defendant agreed to pay "the principal sum of $350,000.00 . . . plus interest from July 26, 2016 on the unpaid [p]rincipal balance until this note matures or this obligation is accelerated."  (ECF No. 1–1, Ex. A.)

Therefore, the amount requested by Plaintiff under the Note is legitimate and warranted.  Accordingly, the Court awards a total of $321,346.07, in principal expenses.

**2. Prejudgment Interest**

Plaintiff contends that it is entitled to the updated and current prejudgment interest amount. (Mot. 10.)  Federal Rules of Civil Procedure 54(c) states, "[a] default judgment must not differ in kind from, or exceed the amount, what is demanded in the pleadings." Fed. R. Civ. Proc. 54(c).  However, Plaintiff correctly asserts that where "the plaintiff specifically seeks prejudgment interest in the [c]omplaint, giving meaningful notice to the defendant that such an amount may be awarded, plaintiff is entitled to recover prejudgment interest."  (Mot. 10, (referencing *Gray Ins. Co. v. Lectrfy, Inc.*, No. SACV131411DOCANX, 2014 WL 12689270, at *7 (C.D. Cal. Mar. 3, 2014) (affirming the denial of prejudgment interest in connection with entry of a default judgment where plaintiff did not expressly pray for prejudgment interest in the complaint).)  Here, Plaintiff prayed for prejudgment interest in the Complaint, and specifically stated that the interest will continue to accrue daily until the date of final

judgment at the rate of $63.56, thus giving Defendant meaningful notice that such interest would accrue. (Compl. 6.) Accordingly, the Court awards Plaintiff prejudgment interest on the principal balance of $319,971.51, in the amount of $13,990.92.[5]

**3. Attorneys' Fees**

Local Rule 55-3 provides a schedule to calculate attorneys' fees when the fees are recoverable under a promissory note, contract or an applicable statute. C.D. Cal. L.R. 55-3. According to Local Rule 55-3, if the judgment amount is over $100,000, the Court shall award $5,600 plus 2% of the amount over $100,000. *Id.* Therefore, the Court awards Plaintiff $10,260.11, in attorneys' fees.

//
//
//
//
//
//
//
//
//
//
//
//

---

[5] The Complaint states that as of February 6, 2018, Defendant owed $4,435.77 of accrued interest, which continued to accrue at the daily rate at the time of $63.56. Based on this information, the Court finds that the interest began to accrue on or around November 28, 2017. The Motion, filed on June 7, 2018, states that the interest owed on or around that time was $11,659.24, which continued to accrue at the current rate of $61.36. The Note provided for a variable interest rate based on the prime interest rate.

9

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion for Default Judgment. (ECF No. 16.) Defendant Hershey Interests, Inc. owes the Plaintiff First Home Bank $321,346.07 in principal expenses, $13,990.92 in accrued interest, along with $10,260.11 in attorneys' fees. Upon entry of judgment, the Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

July 16, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**